Daniel, J.
 

 This was an action on the case. Pleas, general issue and statute of limitations. Thomas Foxhall, in the month of July, in the year 1791, made his will, and bequeathed a slave by the name of Fan, and her
 
 increase,
 
 to his daughter, Joanna Sergener, for life, remainder to her children. The will was proved at August Court, 1792. The plaintiffs are all the remaindermen but one; and the action is against the defendant, (who had purchased the life estate of Joanna Sergener, and also the interest of one of the children in remainder,), for selling the slaves, and sending them beyond the limits of the State. The slaves in controversy, are the issue of Diana, who is the daughter of Fan. The defendant contended, 1st. that the slave Fan had been given to Joanna Sergener, by her fathér in his life time, and therefore did not pass by his will; 2dly, that Diana had been born of Fan before the dea th of the testator, and, therefore, did not pass by the will to Mrs. Sergener and her children; and3dly, that as he was a tenant in common, in remainder with the plaintiff's, this action could not be maintained- against him. The judge left the two first points to the jury upon the evidence, with instructions to find for the defendant, if either of them were true in fact. But that if the jury should find against the defendant upon both of these points, then on the third point he charged them, that a sale of the slaves by the defendant, to be carried out of the State, was eqivalent to a destruction, and the action was maintainable. . Upon the statute of limitations, the judge instructed the jury, that it began to run from the time the tortious act or acts (the sales of
 
 *462
 
 the slaves,) were done by the defendant, [and not from the of Joanna Sergener, the tenant for life. The jury returned a verdict upon both issues in favor of the defendant. There was a judgment for the defendant, and the plaintiff appealed.
 

 The charge of the judge upon the general issue, was as favorable to the plaintiffs, as they could reasonably have desired. He said, that if the slave Fan was the testator's property at the time of his death, and Diana was bom of Fan subsequent to that time, then the plaintiffs were entitled to maintain their action against the defendant, for selling the slaves out of the State; although at that time he was a tenant in common with them; that if Diana was born after the date of the will, but before the death of the testator, she did not pass to Mrs. Sergener and her children, under the words, “Fan and her increase.” The will speaks at the death of the testator. There are no words in it, that we can discover, to denote an intention of the testator,, that the increase of Fan, bom before the testator’s death, should go to Mrs. Sergener and her children. And without some other words in the will denoting a different intention, the word
 
 increase, per se,
 
 is tobe considered as referring only to such children of the slave Fan, as should be born after the legatees becameentitled to her. We discover no error in the charge of the judge upon the general issue, of which the plaintiff can complain, and it is unnecessary to enquire, whether the defendant has cause to except to it. And as the jury have found for the defendant upon that issue, it becomes immaterial to enquire, and this Court will not examine, whether the charge was right or wrong upon the other issue, the statute of limitations.
 
 Morrisey v. Bunting,
 
 1 Dev. 3.
 
 Bullock
 
 v.
 
 Bullock,
 
 3 Dev. 260. The judgment must be affirmed.
 

 Pee Gueiam,Judgment affirmed.